IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RALPH HILL, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| UHS-PRUITT CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, by and through undersigned counsel, and files this his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for discrimination based on sex and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

3.

The unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f), venue is appropriate in this Court.

**PARTIES**

4.

Plaintiff Ralph Hill is a male citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

Defendant UHS-Pruitt Corporation ("Defendant") is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under Title VII at 42 U.S.C. § 2000e(f).

7.

Defendant is now and, at all times relevant hereto, has been a corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration

under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Lori K. Pearson at 1626 Jeurgens Court, Norcross, GA 30093.

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a charge of discrimination on October 17, 2012, against Defendant with the Equal Employment Opportunity Commission ("EEOC").

10.

On January 29, 2015 the EEOC issued a Determination finding there is reasonable cause to conclude that Defendant discriminated against Plaintiff based on his sex (male) and retaliated against him in violation of Title VII.

11.

The EEOC issued a "Notice of Right to Sue (Conciliation Failure)" on July 14, 2015 , entitling an action to be commenced within ninety (90) days of receipt of that notice.

12.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue (Conciliation Failure)".

## FACTUAL ALLEGATIONS

13.

Plaintiff Ralph Hill was hired by Defendant UHS-Pruitt Corporation on or about May 4, 2009 as a Medical Biller. He was eventually assigned to the position of Billing Specialist.

14.

Plaintiff worked continuously for Defendant until he was terminated on September 20, 2012.

15.

Plaintiff's primary duty as a Billing Specialist was collection of money owed to Defendant from outstanding bills.

16.

Defendant measured Plaintiff's performance by a metric known as Cash Velocity, defined as revenue for one month divided by collections for the next month.

17.

Defendant applied different performance standards with regard to Cash Velocity to Plaintiff than it applied to female Billing Specialists.

18.

On June 22, 2012, Defendant gave Plaintiff an unsatisfactory performance appraisal and placed him on a Performance Improvement Plan ("PIP").

19.

When he was placed on the PIP, Plaintiff was informed he needed to achieve a Cash Velocity of at least 100% every month, for at least the next several months in order to keep his job.

20.

Plaintiff met the required performance standards for June 2012 and July 2012, achieving a Cash Velocity in excess of 100% both months.

21.

In July 2012, Plaintiff complained to Defendant's Vice President of Human Resources that his PIP was discriminatory because he was not held to the same standards as the female Billing Specialists.

22.

The next month, August 2012, Defendant secretly added additional, secondary accounts to Plaintiff's collection accounts without notifying him. Defendant did not list these secondary accounts on its weekly "dump report" to all employees listing their collection accounts.

23.

Because Plaintiff did not know about these secondary accounts, he did not collect on them. Thus, his Cash Velocity numbers for the month of August 2012 were artificially decreased.

24.

Plaintiff did not learn that the secondary accounts had been assigned to him until September 2012, when he received his Cash Velocity numbers for August.

25.

On September 20, 2012, Defendant terminated Plaintiff, purportedly for not meeting the 100% Cash Velocity requirement set forth in his PIP, even though Defendant manipulated those numbers by adding the secondary accounts without notifying Plaintiff.

26.

Plaintiff was disciplined and terminated because of his sex (male). In addition, he was terminated because he complained of discrimination based on sex.

27.

Others outside Plaintiff's protected class were treated differently.

28.

Although Defendant purports to provide legitimate non-discriminatory reasons for the adverse actions, these reasons are pretext.

## CLAIMS FOR RELIEF

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Defendant UHS-Pruitt Corporation subjected Plaintiff Ralph Hill to different terms and conditions of employment because of his sex (male) – including, but not limited to, termination and applying different performance standards to Plaintiff than to female Billing Specialists.

31.

Such actions constitute unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

32.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

33.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his sex.

34.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

35.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37.

Plaintiff's complaint to Defendant's Human Resources manager concerning sex discrimination in the application of performance standards constitutes conduct protected under Title VII.

38.

Defendant's termination of Plaintiff because Plaintiff complained of sex discrimination constitutes unlawful retaliation in violation of Title VII.

39.

There was a causal connection between the protected conduct and the adverse action.

40.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

41.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

42.

Defendant, therefore, is liable for the damages caused proximately by its retaliation against Plaintiff.

**COUNT III: CLAIM FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991**

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Defendant UHS-Pruitt Corporation discriminated against Plaintiff and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

45.

Plaintiff thus seeks compensatory and punitive damages pursuant to Section 102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant UHS-Pruitt Corporation has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant UHS-Pruitt Corporation from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 8th day of October, 2015.

**BARRETT & FARAHANY, LLP**

s/Benjamin A. Stark
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Benjamin A. Stark
Georgia Bar No. 601867
Attorneys for Ralph Hill

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@bf-llp.com
severin@bf-llp.com
bstark@bf-llp.com